UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO LABORERS WELFARE FUND,
BUFFALO LABORERS PENSION FUND,
BUFFALO LABORERS TRAINING FUND and
BUFFALO LABORERS SECURITY FUND, by
THOMAS L. PANEK, in his fiduciary capacity
as ADMINISTRATOR, and LABORERS'
LOCAL 210, LABORERS INTERNATIONAL
UNION OF NORTH AMERICA,

                              Plaintiffs,
        v.                                               **DECISION AND ORDER**
                                                                       14-CV-960S

H&M PLUMBING AND MECHANICAL
CONTRACTING INC.,

                              Defendant.

## I. INTRODUCTION

Plaintiffs commenced this action in November 2014 against Defendant H&M Plumbing and Mechanical Contracting Inc. pursuant to sections 502(a)(3), 515, and 4301(a) of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and 1451; and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. Defendant was served with the summons and complaint on November 14, 2014, but failed to answer or otherwise appear in this action. Following Plaintiffs' request, the Clerk of the Court filed an entry of default against Defendant on February 13, 2015. Presently before this Court is Plaintiffs' motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. DISCUSSION

Before obtaining default judgment, a party must first secure a Clerk's Entry of

Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See Fed. R. Civ. P. 55(a). Once a default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), *cert denied*, 506 U.S. 1080 (1993).

In considering whether to enter a default judgment, a court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which a plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiffs Buffalo Laborers Welfare Fund, Buffalo Laborers Pension Fund, Buffalo Laborers Training Fund, and Buffalo Laborers Security Fund ("the Funds") are jointly administered, multi-employer, labor management trust funds established and maintained pursuant to collective bargaining agreements. In Plaintiffs' first and second causes of action, the Funds seek to recover unpaid employee benefit contributions, as well as interest, liquidated damages, and associated attorneys' fees and costs associated with this delinquency. (Compl ¶¶ 43-51 (first claim alleging breach of the governing CBA); ¶¶ 52-61 (second claim alternatively alleges Defendant is liable for the same under ERISA).) The third cause of action alleges Defendant breached the CBA by failing to pay Plaintiff

Laborers' Local 210, Labors International of North America ("the Union") union dues, New York Laborers' Political Action Committee ("NYLPAC") contributions, and Construction Industry Fund contributions due under that agreement. (Compl ¶¶ 62-66.)

Plaintiffs also asserted a fourth and fifth cause of action in their Complaint seeking a declaratory judgment with respect to withdrawal liability and recovery of the Funds' audit costs. Plaintiffs' motion for a default judgment, however, does not request the relief associated with either of these causes of action. Plaintiffs' fourth and fifth causes of action are therefore deemed abandoned. See Am. Home Mortgage Corp. v. America's Choice Mktg., Inc., No. 07-CV-384(JS)(AKT), 2008 WL 919598, *4 (E.D.N.Y. Mar. 20, 2008) (claim for attorneys' fees included in complaint but omitted from proposed default judgment deemed abandoned); Garden City Boxing Club, Inc. v. Conway, No. 06 Civ. 3145(BSJ)(HBP), 2009 WL 125434, *3 n. 3 (S.D.N.Y. Jan. 20, 2009).

After a review of the Complaint and attached exhibits, this Court finds that Plaintiffs have stated sufficient allegations to establish Defendant's liability with respect to the first three causes of action. The Court has also reviewed the documentation in support of the calculations for damages and reasonable attorneys' fees, and finds that Plaintiffs are entitled to the default judgment requested. The Fund Plaintiffs are therefore entitled to $195,398.70 in delinquent fringe benefit contributions, $51,767.27 in interest, $51,767.27 in liquidated damages, and $5,525.57 in attorneys' fees and costs as a result of the first and second causes of action. The Union is entitled to recover $9,326.94 in dues checkoffs, $1,055.10 in NYLPAC contributions, and $2,110.20 in Construction Industry Fund contributions, as well as $2,978.63 in interest, as a result of the third cause of action.

## III. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion for a Default Judgment (Docket No. 9) is GRANTED;

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiffs Buffalo Laborers Welfare Fund, Buffalo Laborers Pension Fund, Buffalo Laborers Training Fund, and Buffalo Laborers Security Fund, by Thomas L. Panek, in his fiduciary capacity as administrator, in the amount of $304,458.81;

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiff Laborers' Local 210, Laborers International Union of North America in the amount of $15,470.87;

FURTHER, that Plaintiffs' fourth and fifth causes of action are dismissed without prejudice as abandoned;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 13, 2015
      Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Senior United States District Judge